IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR147 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW KROFFKE, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Scott Zarzycki, Assistant United States Attorney, and hereby files this sentencing memorandum. The Government agrees with the calculations contained within the Presentence Investigation Report filed September 11, 2018, and recommends a sentence within the range specified in paragraph 63 of the report (R. 20: PSR, PageID 82).

I.  **OFFENSE CONDUCT AND GUIDELINE CALCULATION**

A.  Offense Conduct

On February 23, 2018, at approximately 10:55 am, a lone white male robbed the Chemical Bank, located at 351 Main Street, Grafton, Ohio. Surveillance video obtained from the bank shows the suspect wearing a gray zip up hoodie, and a camouflage mask which appeared to be a neoprene type of material, enter the bank with a small handgun drawn. The suspect pointed the gun directly at the tellers, grabbed the money the bank tellers put on the counter and stuffed it into his pockets. He fled the bank on foot with approximately $12,190.00.

The suspect was seen entering a blue Ford Escape with white decals on the rear driver side window. The bank manager took photos of the vehicle. Five minutes later in the general area, Matthew Kroffke (hereinafter Defendant) was stopped by the Grafton Police Department

driving a blue Ford Escape with white decals.  The officer did not have an adequate description of the suspect, so the Defendant was released after he was identified.

The officer later provided Defendant's name and address to the FBI who made contact with his parents at their home on February 26, 2018.  Defendant's father told agents his son Matthew had called him and said he was "in big trouble" and on his way home.  He was later put on the phone with the FBI and agreed to meet them at the Grafton Police Department.  He never showed for the interview.  Defendant's parents consented to a search of their home.  The FBI recovered a money band from Chemical Bank and three neoprene camouflage masks in Defendant's bedroom, and a black .22 caliber Jennings handgun in the top dresser drawer of his father's bedroom.

That night, Defendant was arrested at a hotel room in Toledo, Ohio. The money was never recovered.

  B. Guideline Calculation

Defendant was indicted on March 28, 2018, for one count Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of Using or Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (R. 11, Indictment; PageID 21-22).  He plead guilty to the indictment on June 8, 2018 (R. 20: PSR, PageID 74).  The following is the relevant guideline calculations as correctly stated in the presentence report (R. 20: PSR, PageID 77).

| U.S.S.G. § 2B3.1: Armed Bank Robbery (Count 1) | | |
|---|---|---|
| Base offense level | 20 | § 2B3.1(a) |
| Specific offense characteristics (financial institution) | +2 | § 2B3.1(b)(1) |
| Acceptance of responsibility | -2 | § 3E1.1(a) |
| Acceptance of responsibility | -1 | § 3E1.1(b) |
| **Total offense level** | **19** | |

| U.S.S.G. § 2K2.4: Use of a Firearm During or in Relation to Certain Crimes (Count 2) | | |
|---|---|---|
| The guideline sentence is the minimum term of imprisonment required by statute (7 years). | | §2K2.4(b) |

The government recommends that the Court impose a sentence within the range and of the kind specified pursuant to the advisory Sentencing Guidelines in accordance with the computations set forth in the Presentence Report. Defendant has a criminal history score of one which places him in criminal history category I (R. 20: PSR, PageID 79). Based upon an offense level of 19 and a criminal history category of I, the guideline imprisonment range is 30-37 months on Count one, in addition to a mandatory consecutive sentence of 7 years on count two (R. 20: PSR, PageID 82).

## II.     SENTENCING FACTORS 18 U.S.C. § 3553(A)

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

> This Court is required to consider the following factors in determining the sentence.
>
> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

3

> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> (5) any pertinent policy statement--
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The nature and circumstances of the offense justify a sentence within the guideline range. The Defendant entered Chemical Bank and pointed a gun at multiple bank tellers. He demanded money and instructed them to hurry up or he would start shooting. One particular bank teller reported to police that he stuck the gun in her face, told her she had only 30 seconds and began counting down. Another teller never reported to work again after the robbery.

Additionally, the Government requests the Court consider the history and characteristics of the defendant. Defendant did not report abuse or neglect growing up as a child. He did not grow up in poverty. To the contrary the Defendant was raised by two working parents in a "safe, suburban neighborhood" in Brunswick, Ohio. (R. 20: PSR, PageID 79). He denied any violence, drug abuse, or financial problems in his home during childhood. (R. 20: PSR, PageID 79). After graduating from high school he married and had three children. In his statement he asks this Court to consider how his absence will affect his children while acknowledging that he failed to do so. Finally, the Defendant denies having an addiction to alcohol, but has been cited

for a DUI three times since 2003.  The defendant denies an addiction to pain pills after his hip surgery, but told his mother on the phone that he was in the hotel room after the bank robbery searching the internet for drug treatment centers.

In order to protect the public from future crimes and deter others from committing similar crimes, a sentence within the guideline range is appropriate.  Defendant says in his statement that due to severe hardships in his life, depression, and physical pain he felt that robbing a bank was what he "needed financially to start over and move back to Toledo to be near his children."  (R. 20: PSR, PageID 79).  Although Defendant apologizes and takes "full responsibility" for what he has done, he goes on to explain and even justify why he committed this violent crime. (R. 20: PSR, PageID 79).   In fact, nowhere in his statement does he suggest that given the same situation, he would not do it again if he felt it was what he needed to do.  And the question still remains as to the location of the $12,000 that he stole from Chemical Bank.

A sentence within the guideline range reflects the seriousness of his offense, and provides just punishment for his criminal conduct.  Furthermore, the Presentence Investigation Report has not identified any factors as possible grounds for a departure or variance from the sentencing guidelines provisions.

**III.     CONCLUSION**

Based on the serious and violent nature of the offense, the Defendant's history and characteristics, and the need protect the public and adequately deter future crimes, the Government respectfully requests this Court sentence the Defendant within the advisory guideline range.

           Respectfully submitted,

           JUSTIN E. HERDMAN
           United States Attorney

By:   /s/ Scott Zarzycki
       Scott Zarzycki (OH: 0072609)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3971
       (216) 522-8355 (facsimile)
       Scott.Zarzycki@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 14th day of September 2018, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

    /s/ Scott Zarzycki
Scott Zarzycki
Assistant U.S. Attorney