**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 1:18 CR 147** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| **MATTHEW KROFFKE,** ) | |
| ) | |
| **Defendant.** ) | |

Before the Court is Defendant Matthew Kroffke's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Compassionate Release Due to COVID-19 Circumstances. **Doc #: 41**. Kroffke seeks an order reducing his sentence and placing him on home confinement based on extraordinary and compelling circumstances.[1] For the following reasons, the Motion is **DENIED**.

**I.   Background**

On April 6, 2018, Kroffke pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a), and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). He was later sentenced to 114 months in prison. His release date is May 1, 2026.

---

[1] While the Court has the authority to reduce a federal prisoner's sentence, it does not have the authority to order the BOP to release a prisoner to home confinement. *United States v. Miller*, No. 2:17 CR 87, 2017 WL 5514528, at *1 (S.D. Ohio Nov. 16, 2017); *United States v. Hardin*, No. 1:19 CR 240 at 2 (N.D. Ohio Apr. 7, 2020).

**II.    Discussion**[2]

Under § 3852(c)(1)(A)(i), before granting a sentence modification, a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community; and (3) the reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors.  *Hardin*, No. 1:19 CR 240, Doc #: 25 at 4; *Little*, No. 1:18 CR 308,  Doc #: 29 at 2.

**1.    Extraordinary and Compelling Reasons**

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1.[3]  Here, the only relevant category is the fourth category, labeled "other reasons."  *Hardin*, No. 1:19 CR 240, Doc #: 25 at 5-6; *Little*, No 1:18 CR 308, Doc #: 29 at 2-3.  To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak.  *Id.* at 6-7.

Taking the second factor first, it is undisputed that FCI Elkton has had a severe COVID-19 outbreak. Nine inmates have died from the virus, and 568 inmates and 46 staff members have recovered.  Doc #: 42 at 5.  Currently, there are 46 confirmed cases of COVID-19 at Elkton (39

---

[2]Because it is undisputed that Kroffke has exhausted his administrative remedies, the Court moves directly to the merits.  Doc #: 42 at 4.

[3]Application Note 1 lists three specific categories and examples of extraordinary and compelling reasons along with a fourth catchall provision.  Specifically, the notes explain when a defendant's medical condition (subsection A), health and age together (subsection B), or family circumstance (subsection C) qualifies for compassionate release.  U.S.S.G. § 1B1.13, App. N.1. Subsection D applies if there exists in a defendant's case, an extraordinary and compelling reason other than, or in combination with, the reasons asserted in (A) through (C).

inmates, 7 staff members). Id. at 4. Despite this pyrrhic victory, no one can seriously say that Elkton is *not* still suffering a severe outbreak of the virus.

As to the first factor, Kroffke, who is 39 years old, asserts that he has a "history of asthma and bronchitis," and he continues to suffer pain from a hip replacement and now suffers pain from his other hip which will need replacement as well. Doc #: 41 at 3. According to Kroffke, it is these medical conditions that place him at high risk of suffering grave complications should he contract COVID-19 at FCI Elkton.[4]

In response, the Government notes that Kroffke offers no medical documentation to support his claims of asthma and bronchitis; he does not say that he currently suffers asthma; and he does not state that his asthma is "moderate to severe"– which the CDC explains is a risk factor for the virus. Doc #: 42 at 8-9. Furthermore, pain related to hip injury and replacement has not been identified by the CDC as a risk factor. See id. at 8 n.3.

In reply, Kroffke states, "Given Mr. Kroffke's health issues, he is at high-risk for complications if he contracts the virus." Doc #: 43 at 2. In support, he cites his Motion. That's it.

Because pain from hip replacement or impingement or any other stressor has not been identified by the CDC as a potential risk for COVID-19, and Kroffke has failed to provide documentation supporting his claim of asthma or susceptibility to bronchitis, the Court concludes that Kroffke has failed to show that extraordinary and compelling reasons warrant a sentence modification.

---

[4]Kroffke also sought compassionate release to help nurse his father who was diagnosed with Stage IV lung cancer. Sadly, Kroffke's father passed away while this Motion was pending.

### 2. Danger to the Safety of any Other Person or the Community

Even if Kroffke could show particular vulnerability to COVID-19 complications, he has failed to show that he is not a danger to the community. The Government contends that Kroffke is a danger to the community having committed an armed bank robbery which resulted in one bank teller suffering PTSD, and another teller leaving her job immediately.

To support his contention that he is no longer a danger to the community, Kroffke notes that his armed bank robbery is his first felony conviction, he fell under the lowest Criminal History Category at sentencing, and inmates with far more violent and extensive criminal histories than he have received compassionate releases during this pandemic. In support, he cites decisions by two judges in the Northern District of Ohio who granted compassionate release to criminal defendants with worse criminal histories than him. Doc #: 43 at 4-5 (citing *United States v. McClellan*, Case No. 1:92 CR 268, Doc #: 221 (N.D. Ohio Jun. 3, 2020) (Gaughan, CJ) and *United States v. Sparrow*, Case No. 5:98 CR 126, Doc #: 122 (N.D. Ohio Jun. 18, 2020) (Oliver, SJ)). The Court has reviewed both decisions and finds them factually and legally distinguishable.

Joseph Sparrow, Sr. is 78 years old, in failing health, has served more than 20 years of his sentence with a sterling disciplinary record, and would have received a much shorter sentence under current law because the First Step Act eliminated stacked mandatory sentences for § 924(c) convictions like his. *Sparrow*, Case No. 5:98 CR 126, Doc #: 122. Gary McClellan, aka Malik Asad Al-Malaki, is 58 years old, has served 28 years of a life sentence which was subsequently reduced to 35 years, his three prior convictions no longer constitute career offender predicates, he submitted copious evidence of his rehabilitative efforts and achievements during

his incarceration, he had a release date of May 24, 2022 and was approved by the BOP for 12 months of service in a halfway house which included a period of home confinement, and he was then-housed at FMC Rochester, a medical correctional facility. *McClellan*, Case No. 1:92 CR 268, Doc #: 221.

### 3. Section 3553(a) Sentencing Factors

18 U.S.C. § 3553(a) provides numerous factors which courts are to consider in imposing a sentence. While the Court considers these factors when sentencing a defendant, changed circumstances may warrant reconsideration. Unlike many prisoners who have been granted compassionate release, Kroffke has served considerably less than half of his 114 month sentence. The Court appreciates the steps Kroffke is taking to rehabilitate himself and become a productive member of society following his May 2026 release. However, on this record, the Court finds Kroffke has failed to show that sentence reduction is appropriate

## III. Conclusion

For the foregoing reasons, the Motion, **Doc #: 41**, is hereby **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster     June 25, 2020*
**Dan Aaron Polster**
**United States District Judge**